People v Disieno (2020 NY Slip Op 03471)





People v Disieno


2020 NY Slip Op 03471


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11676 841/15

[*1] The People of the State of New York, Respondent,
v
Vincent Disieno, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen I. Biben, J.), rendered January 10, 2017, convicting defendant, after a jury trial, of attempted robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of nine years, unanimously modified, as a matter of discretion and in the interest of justice to the extent of reducing defendant's sentence on the attempted robbery in the first degree conviction from a term of 9 years and 5 years postrelease supervision to a term of 6 ½ years and 5 years postrelease supervision, and otherwise affirmed.
The court providently exercised its discretion when it denied defendant's motion to set aside the verdict on the ground of alleged juror misconduct (CPL 330.30[2]). There is no basis for disturbing the court's credibility findings, made after a hearing.
Defendant failed to demonstrate any misconduct by the juror, who disclosed during jury selection that, among other law enforcement connections, he had previously worked as a trial preparation assistant at the New York County District Attorney's Office and that he still had close friends in the office. The fact that the juror did not go on to volunteer certain details of these friendships, the significance of which was unknown to him during voir dire, was not misleading and did not constitute misconduct. During voir dire, defense counsel had a full opportunity to elicit more details, such as the names and positions of the juror's friends in the prosecutor's office. However, counsel asked no questions on this subject, and did not see fit to challenge the juror for cause or peremptorily.
Furthermore, there was no prejudice that would warrant a new trial (see generally People v Rodriguez , 100 NY2d 30, 35-36 [2003]). The juror testified at the CPL 330.30 hearing that his personal relationships did not influence his deliberations, and there was no evidence of either actual or implied bias.
We find the sentence excessive to the extent indicated herein.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK